### UNITED STATES of America, Plaintiff–Appellee,

v.

### Samuel RODRIGUEZ, Defendant–Appellant.

### No. 15–1306.

United States Court of Appeals, Tenth Circuit.

Feb. 1, 2016.

Bradley William Giles, J. Bishop Grewell, Office of the United States Attorney, Denver, CO, for Plaintiff–Appellee.

Robert Fishman, Ridley, McGreevy & Winocur, Denver, CO, for Defendant–Appellant.

Before BRISCOE, KELLY, and LUCERO, Circuit Judges.

### ORDER AND JUDGMENT *

PER CURIAM.

Samuel Rodriguez entered a guilty plea to one count of conspiring to possess with intent to distribute 500 grams or more of cocaine. He was sentenced to 78 months' imprisonment, which was within the range provided in the sentencing guidelines. Although his plea agreement included a waiver of his right to appeal, Mr. Rodriguez filed a notice of appeal. The government has now moved to enforce the appeal waiver pursuant to the procedures identified in *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir.2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In its motion to enforce the appeal waiver, the government contends that Mr. Rodriguez's appeal falls within the scope of the waiver, he knowingly and voluntarily waived his appellate rights, and enforcing the waiver would not result in a miscarriage of justice.

Mr. Rodriguez has filed a response in which he states that the government's motion "accurately depicts the course of the

---

* This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

proceedings below and accurately states the scope of, and conditions related to, the appeal waiver contained in the plea agreement entered into by Mr. Rodriguez." Aplt. Resp. at 1. Because Mr. Rodriguez concedes that his appeal waiver is valid, we grant the government's motion to enforce the appeal waiver and dismiss this appeal.